UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARCUS COURTNEY CONWAY,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.

_____/

CRIMINAL CASE NO. 07-CR-20525
CIVIL CASE NO. 11-CV-14539

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
(Doc. 58)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **DENIED**.

**II.   REPORT**

    **A.    Introduction**

Pending, pursuant to an order of reference from United States District Judge Thomas L. Ludington, is the above-entitled motion to vacate Marcus Courtney Conway's federal custodial sentence, which was filed pursuant to 28 U.S.C. § 2255. (Doc. 58.) Respondent submitted a response (Doc. 66) and Petitioner Conway (hereafter "Conway") filed a reply (Doc. 68). Conway also filed a motion to amend his § 2255 motion on the same day the response was filed. (Doc. 67.) The motion to amend merely sought to add case law in support of his motion to vacate. (*Id.*) Although Conway could have simply supplemented his brief rather than asking for an amendment, the Court has considered the matters raised in his motion and has granted the motion to amend.

(Doc. 69.) I therefore conclude that, pursuant to E.D. Mich. LR 7.1(f)(2), the motion to vacate sentence is ready for Report and Recommendation without oral argument.

**B.     Background**

Conway was charged in a First Amended Indictment with three counts of distribution of five (5) grams or more of a mixture and substance containing cocaine base, commonly known as crack cocaine, in violation of 21 U.S.C. § 841(a)(1). (Doc. 18.) Conway's trial was held on May 13 through May 15, 2008. The three counts were based on three controlled buys made from Conway by a confidential informant ("CI"), later identified as Mr. Dancy, who was outfitted with a recording device and was videotaped. (Doc. 33, Trial Tr., Vol. 2 at 91-93, 96, 107-09, 134; Vol. 3 at 6-7.) The recorded buys occurred on June 22, 2007, June 26, 2007, and July 23, 2007, corresponding to Counts I through III of the First Amended Indictment. Transcripts of the controlled buys were prepared but were not introduced into evidence; instead, the tapes themselves were played. (Doc. 33, Trial Tr., Vol. 2 at 99-100.) In addition, lab reports identifying the substances purchased by the CI as cocaine were introduced into evidence during the testimony of FBI Agent Kinzig and ATF Agent Bowden. (Doc. 33, Trial Tr., Vol. 2 at 112-14; Vol. 3 at 5.) The jurors requested to see the audio/videotape of the controlled buy relating to Count III and the court allowed them to see the same portion that was played during the trial. (Doc. 34, Trial Tr., Vol. 3 at 121.)

On May 15, 2008, the jury returned guilty verdicts on all three counts. (Doc. 19.) On August 21, 2008, Conway appeared for sentencing and on August 22, 2008, judgment was entered committing him to the Bureau of Prisons for 360 months on Counts I, II, and III, with all sentences to be served concurrently. (Doc. 24 at 3.) Conway was also sentenced to a term of supervised

release following incarceration for 8 years on each count, also to be served concurrently. (Doc. 24 at 4.)

Conway appealed his conviction[1] and sentence, arguing that the district court abused its discretion when it denied his motion for appointment of new counsel three months prior to trial. (Docs. 30, 45.) On December 15, 2010, the Sixth Circuit affirmed the conviction and sentence. (Doc. 45 (opinion), 46 (mandate).)

### C. Arguments of the Parties

Conway argues in his first ground for relief that his trial counsel was ineffective for: (a) failing to require the government to provide testimony of a drug analyst specialist to confirm that the drugs contained cocaine; (b) failing to argue that Conway's right to confrontation was violated by introduction of a audio/videotape of Conway speaking with a non-testifying witness; and (c) failing to argue that Conway's right to confrontation was violated by the failure to produce the confidential informant as a witness. (Doc. 58 at 6, 16-17.) In his second ground for relief, Conway contends that his appellate counsel was ineffective for: (a) failing to point out that Conway was convicted of delivery of cocaine base without any testimony by a drug analyst specialist to confirm the substance was cocaine base; and (b) failing to point out that his Sixth Amendment right of confrontation was violated by introduction of a audio/videotape of him speaking with a non-testifying witness. (*Id*. at 8, 17-18.)

Conway's third ground argues asserts a due process violation based on: (a) the prosecutor's alleged failure to prove that the substance was cocaine base; and (b) the prosecutor's alleged failure to produce a witness at trial to testify that the substance was cocaine base so that Conway could challenge the witness through cross-examination. (*Id*. at 10, 18.) The fourth ground for relief

---

[1]Conway filed a Notice of Appeal on September 2, 2008. (Doc. 25.)

alleges that Conway's Sixth Amendment right to confrontation was violated by: (a) the confidential informant not being called to testify; and (b) the drug analyst specialist not being called to testify. (*Id*. at 12, 19.) Conway also requests an evidentiary hearing. (*Id*. at 15.)

Conway's arguments boil down to two issues: (1) violation of the hearsay rule and Sixth Amendment Confrontation Clause by introducing an audio/videotape including statements by a non-testifying CI and ineffective assistance of counsel (trial and appellate) for failing to raise the issue; and (2) Sixth Amendment Confrontation Clause violation based on admission of a lab report stating the substance purchased by the CI was cocaine base without requiring the lab analyst to testify and ineffective assistance of counsel (trial and appellate) for failing to raise the issue.[2]

Respondent contends that Conway's counsel chose not to demand production of the CI as part of his trial strategy, noting that counsel described the failure to produce him as a "big hole" in the government's case. (Doc. 66 at 4-5.) Respondent also contends that Conway has not suffered any prejudice from this strategy. (*Id.* at 5.) As to Conway's claim regarding the introduction of the audio/videotape of Conway and the CI, Respondent notes that counsel did not object to the video being played, but did object on the basis of hearsay to the CI's audio being admitted. (*Id.* at 6; Doc. 33, Trial Tr., Vol. 2 at 89.) Respondent further argues that appellate counsel was not ineffective for failing to raise this issue because the statements made by the CI were not offered for the truth of the matter asserted but rather were statements made "as part of the transaction" that were offered to place Conway's statements in context. (*Id*. at 6-7 (citing *United States v. Jones*, 205 Fed. App'x 327, 343 (6th Cir. 2006).) Finally, Respondent contends that Conway has not even argued

---

[2]Although Conway also alleges a separate due process claim, it is based upon these two issues and is therefore subsumed by these claims.

4

that the substance he distributed was anything but crack cocaine; thus, the failure to cross-examine the lab technician could not have prejudiced him.

**D.     Governing Law**

In order to prevail on a motion brought under 28 U.S.C. § 2255, a petitioner must show a "fundamental defect which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A section 2255 motion is not a substitute for a direct appeal. When a petitioner raises a claim that he failed to raise at the appellate level, a court is generally precluded from reviewing the merits of such a claim unless a petitioner can show: (1) cause for his failure to raise the claim earlier in a direct appeal; and (2) actual prejudice stemming from the alleged violation or actual innocence. *Reed v. Farley*, 512 U.S. 339, 354-55, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994); *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1981). A post-conviction motion under section 2255 is the proper vehicle for raising claims of ineffective assistance of counsel in the first instance. *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002) (citing *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir. 1990)).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense – not what bears a false label of 'strategy' – based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez*

*v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id.* at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id.* at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).

### E.     Analysis and Conclusions

6

On direct appeal, the only claim addressed by the Sixth Circuit was whether the trial court should have granted Conway new counsel; none of the issues raised here were asserted on direct appeal. (Doc. 45.) Therefore, although the ineffective assistance of counsel issues are properly brought here for the first time, in order to pursue the two underlying issues separately, he would have to show cause and prejudice. *See Reed, supra.* Since ineffective assistance of counsel may provide cause, I suggest that the analysis may be collapsed under the rubric of ineffective assistance of counsel where Conway must show counsel was constitutionally ineffective and that he was prejudiced, i.e., that counsel's errors were so serious as to deprive the defendant of a fair trial with a reliable result. *See Lockhart, supra.*

### 1. Claims Regarding Admission of the Audio/Videotape

"Testimonial statements of witnesses absent from trial have been admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." *Crawford v. Washington*, 541 U.S. 36, 58, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004) (reversing judgment where the trial court admitted wife's statements made during a recorded police interrogation even though wife refused to testify at trial based on marital privilege). This rule applies regardless of whether requirements under the rules of evidence have been satisfied or not. *United States v. Cromer*, 389 F.3d 662, 679 (6th Cir. 2005). As stated in *Crawford*, "[w]here testimonial statements are involved, we do not think the Framers meant to leave the Sixth Amendment's protection to the vagaries of the rules of evidence, much less to any amorphous notion of 'reliability.'" *Crawford*, 541 U.S. at 61. "Dispensing with confrontation because testimony is obviously reliable is akin to dispensing with jury trial because a defendant is obviously guilty." *Id.* at 62. "This is not what the Sixth Amendment prescribes." *Id.*

"While the statements of confidential informants are always testimonial, '[t]he Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted."'" *United States v. Brazil*, 395 Fed. App'x 205, 218 (6th Cir. 2010) (agent's testimony that CI made some money as a middleman in transactions unrelated to those charged did not bear on any elements of the charged crimes and was a minuscule part of the overall testimony) (quoting *United States v. Deitz,* 577 F.3d 672, 683 (6th Cir. 2009) (testimony explaining why authorities were following defendant was not plain error as it provided mere background information, not facts going to the very heart of the prosecutor's case) (quoting *Crawford*, 541 U.S. at 59, n.9)).

Thus, "'evidence that is "provided merely by way of background" or is offered only to "explain[] how certain events came to pass or why the officers took the actions they did," is not offered for the truth of the matter asserted.'" *Brazil*, 395 Fed. App'x at 205 (quoting *United States v. Warman*, 578 F.3d 320, 346 (6th Cir. 2009) (CI's statement that he cooperated with the FBI because a co-conspirator wanted to have relations with his wife was not offered for the truth of the matter asserted) (quoting *United States v. Cromer*, 389 F.3d 662 (6th Cir. 2005))).

The Court in *Cromer* was presented with the opportunity to draw the distinction between statements offered for truth and those offered for some other purpose. The court held that statements made by a CI regarding an address that was associated with drug sales were not offered for the truth of the matter asserted. Instead, the court found that they were offered to explain how certain events came to pass, i.e., the search of the relevant address, and why the officers took the actions they did. *Cromer*, 389 F.3d at 675-76. However, the *Cromer* court distinguished statements made by the CI that named participants in the activities associated with the residence as including a person nicknamed "Nut" or "Peanut" who was later identified as the defendant. The court found

8

that these statements went beyond providing the background as to why the investigation was undertaken because "the purpose of this testimony could only have been to help establish that the person nicknamed 'Nut' or 'Peanut,' which the prosecution demonstrated elsewhere in the trial was [the defendant's] nickname, had been involved with the illegal drug activity occurring at the residence." *Id*. at 677.

The rule emanating from these cases would seem to be that statements that help establish elements of crimes charged or that relate to the heart of the prosecutor's case are considered to be offered for the truth of the matter asserted and are therefore subject to the Confrontation Clause. However, the phrase "truth of the matter asserted" has been defined more narrowly when assessing statements made by CIs during controlled buys. The Sixth Circuit has held that "the admission of recordings involving a CI and a defendant [in a controlled buy] did not violate the Confrontation Clause because the portions not involving the CI were party admissions and the portions involving the CI were offered not for the truth of the matters asserted but to 'give meaning to the admissible responses of [the defendants.]'" *United States v. Jones*, 205 Fed. App'x 327, 342 (6th Cir. 2006) (quoting *United States v. Sexton*, 119 Fed. App'x 735, 743 (6th Cir. 2005)).[3]

In *United States v. Gaytan*, 649 F.3d 573 (7th Cir. 2011), the court noted that "admitting a confidential informant's out-of-court statements might implicate the Confrontation Clause if the circumstances suggest that the informant used those statements to 'put words into [defendant's] mouth.'" *Id.* at 580. However, the court found that no such allegation had been made. Instead, the court found that the CI's references to rock cocaine were not offered for the truth of the matter asserted since the government was not required to prove that the CI actually wanted to buy "rock."

---

[3]*See also United States v. Jackson*, 425 Fed. App'x 476, 481 (6th Cir. 2011) (cooperating source was not a witness against defendant for purposes of the Confrontation Clause because he merely appeared in a muted video that showed defendant selling him the crack cocaine, but holding that even if there had been audible statements made, they would not have been offered for the truth of the matter as held in *Jones*).

9

Since the government was only required to show that the defendant distributed "rock," the court concluded that the CI's statements were "offered to help the jury make sense of [defendant's] abbreviated and coded responses." *Id.* Therefore, although it is arguable that the recorded statements between a CI and a defendant in a controlled buy help establish the elements of the crime charged, i.e., controlled substance sales, they are not considered hearsay because they are not offered for the truth of the matter asserted, i.e., that the CI wants to buy a controlled substance.

In the instant case, the district court allowed admission of the three videotapes corresponding to the three counts in the amended indictment despite the fact that the CI was not called to testify. Defense counsel objected to the admission of the CI's statements[4] and the government indicated that the CI's statements were not offered for the truth of the matter asserted, i.e., the "truth of the assertions [made by the CI] that are contained within the conversation." (Trial Tr. Vol. 2, Doc. 33 at 90.) Applying the principles from the cases set forth above, I suggest that, even though the audio/videotapes of the three controlled buys made by the CI are the same instances charged in the three-count indictment, admission of the statements made by the CI without providing Conway an opportunity to cross-examine him is of no consequence under the Confrontation Clause. I therefore suggest that Conway's motion to vacate sentence should be denied as to this ground.

I further suggest that even if any error had been established, trial counsel objected and, thus, could not have been ineffective simply because he did not obtain the result sought. *See Hodge v. Haeberlin*, 579 F.3d 627, 644 (6th Cir. 2009) ("Counsel does not fall below this [*Strickland*] standard by failing to prevail when arguing a debatable point to the court."). I further suggest that,

---

[4]Counsel had no objection to the introduction of Conway's statements since they were party admissions. (Trial Tr. Vol. 2, Doc. 33 at 90-91.)

pursuant to *Lockhart*, 506 U.S. at 369, neither trial nor appellate counsel could have been ineffective or prejudiced Conway for failing to raise an issue that lacked apparent merit under Sixth Circuit precedent.

### 2. Claims Regarding the Admission of the Lab Report

In *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 129 S. Ct. 2527, 174 L. Ed. 2d 314 (2009), the United States Supreme Court considered whether affidavits reporting the results of forensic analysis which showed that material seized by the police and connected to the defendant was cocaine should be considered testimonial such that the affiant would be subject to the defendant's right of confrontation under the Sixth Amendment. The Court answered the question in the affirmative. In so doing, the Court rejected the respondent's argument that the reports of analysts are not accusatory, that analysts are not the type of witnesses whose *ex parte* testimony was notoriously used at the trial of Sir Walter Raleigh,[5] that analysts are not witnesses subject to confrontation because their statements are not provided in response to interrogation, and that the statements are the result of "neutral scientific testing." *Id.* at 2534-36. The Court observed that forensic evidence is not as "neutral or as reliable as respondent suggests" since it "is not uniquely immune from the risk of manipulation." *Id.* at 2536.

The Court further noted that confrontation is one means of assuring accurate forensic analysis since confrontation will deter fraudulent analysis and will "weed out not only the fraudulent analyst, but the incompetent one as well." *Id.* at 2537. The Court also rejected the respondent's argument that an analyst's affidavits are admissible without confrontation as business records, noting that even if they were admissible under that hearsay exception, they would still be

---

[5]Despite "Raleigh's repeated demands for confrontation," the statements against him were admitted based on an amorphous notion of reliability, e.g., they were self-inculpatory, they were not made in the heat of passion, or they were not extracted based on promise of a pardon. *Crawford*, 541 U.S. at 62.

subject to confrontation. *Id.* at 2539 (citing *Crawford*, 541 U.S. at 56). The Court was not persuaded by respondent's argument that the petitioner had the ability to subpoena the analyst himself since the Court discerned that the power of compulsory process "is no substitute for the right of confrontation." *Id.* at 2540. Finally, the Court disagreed with the respondent's contention that the "necessities of trial and the adversary process" require relaxation of the right of confrontation. The Court iterated:

> The Confrontation Clause may make the prosecution of criminals more burdensome, but that is equally true of the right to trial by jury and the privilege against self-incrimination. The Confrontation Clause – like those other constitutional provisions – is binding, and we may not disregard it at our convenience.

*Id.*

In *Bullcoming v. New Mexico*, ___ U.S. ___, 131 S. Ct. 2705, 2716-17, 180 L. Ed. 2d 610 (2011), the Court stated that the "inescapable" conclusion from its holding in *Melendez-Diaz* was that blood-alcohol analysis reports are testimonial in nature and subject to the purview of the Confrontation Clause. The Court clarified that the Confrontation Clause barred "the prosecution [from] introduc[ing] a forensic laboratory report containing a testimonial certification – made for the purpose of proving a particular fact – through the in-court testimony of a scientist who did not sign the certification or perform or observe the test reported in the certification." *Id.* at 2710. The Court in *Bullcoming* "took care to point out that New Mexico could have avoided the Confrontation Clause issue if the state had asked the testifying expert to re-test the sample himself, rather than testify 'to the results of a test he did not conduct or observe.'" *United States v. Abboud*, 441 Fed. App'x 331, 337 (6th Cir. 2011) (concluding that analyst who actually entered financial data into software program designed to detect check-kiting did not need to be called as a witness where the agent who did testify had access to the source materials and personally verified that the data entered and analyzed by the software system was correct).

In the instant case, the lab reports identifying the substances purchased by the CI as cocaine were introduced into evidence during the testimony of FBI Agent Kinzig and ATF Agent Bowden. (Doc. 33, Trial Tr., Vol. 2 at 112-14; Vol. 3 at 5.) Since the instant reports confirming that the substance sold was cocaine were not offered by a lab analyst at all, let alone an analyst who actually signed the report or performed or observed any tests reported, their introduction runs counter to the holdings in *Melendez-Diaz* and *Bullcoming*. However, *Melendez-Diaz* and *Bullcoming* were not decided until June 25, 2009, and June 23, 2011, respectively. Conway's trial was held in May 2008 and his appeal was filed on September 2, 2008. (Docs. 25, 32-34.) I therefore suggest that neither trial counsel nor appellate counsel can be considered ineffective for failing to predict the Supreme Court's rulings. *See United States v. Green*, 65 F.3d 546, 551 (6th Cir. 1995) (denying § 2255 motion regarding relevant conduct provision of sentencing guidelines where petitioner's "lawyer lacked the prescience to foretell this circuit's rejection of the Fifth Circuit's approach, but this hardly means that [petitioner] was denied effective assistance of counsel"); *Robinson v. United States,* 636 F. Supp 2d 605, 612 (E.D. Mich. 2009) (denying §2255 motion and noting that "[i]t is easy to conclude now that raising the *Blakely* issue in [petitioner's] direct appeal amounts to the 'dead-bang winner' referred to in *Banks . . .,* [b]ut that is apparent only in retrospect"). I further suggest that the admission of the reports did not prejudice Conway and any error was harmless since Conway did not challenge the identity of the substance distributed. *See United States v. Williams*, 431 Fed. App'x 404, 408 (6th Cir. 2011) (confrontation clause violations are subject to harmless error analysis). I therefore suggest that the motion to vacate should be denied on this ground as well.

    **F.**    **Evidentiary Hearing**

Section 2255 states that "[u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). On the other hand, no hearing is required if the petition's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 7787, 782 (6th Cir. 1999) (citation omitted). In addition, "the words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists." *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. Furthermore, since I suggest that neither of the issues raised are meritorious, this motion is one where "the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). I therefore suggest that Conway is not entitled to a hearing on the allegations raised in his petition.

**III.    REVIEW**

14

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). See also 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Commissioner of Soc. Sec.*, 474 F.3d 830, 837; *Frontier Ins. Co.,* 454 F.3d at 596-97.

                                              s/ Charles E. Binder
                                              CHARLES E. BINDER
Dated: March 19, 2012                          United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date and served upon counsel of record via the Court's ECF System and served on the following non-ECF participant via the United States Postal Service: Marcus Courtney Conway #41869039, Lee U.S. Penitentiary, P.O. Box 305, Jonesville, VA 24263.

Date: March 19, 2012                           By     s/Patricia T. Morris
                                                                     Law Clerk to Magistrate Judge Binder