UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARCUS COURTNEY CONWAY,

    Petitioner,　　　　　　　　　　Criminal Number 07-20525
　　　　　　　　　　　　　　　　　　　　Civil Number 11-14539
v.　　　　　　　　　　　　　　　　　　Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER OVERRULING PETITIONER'S OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, AND DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

Petitioner Marcus Courtney Conway ("Petitioner") was charged in a First Amended Indictment with three counts of distribution of five grams or more of a mixture and substance containing cocaine base, commonly known as crack cocaine, in violation of 21 U.S.C. § 841(a)(1). ECF No. 18. Petitioner's trial was held May 13 through May 15, 2008. The three counts were based on three controlled buys made from Petitioner by a confidential informant ("CI"), later identified as Mr. Dancy, who was outfitted with a recording device and was videotaped. ECF No. 33, Trial Tr., Vol. 2 at 91-93, 96, 107-09, 134; Vol. 3 at 6-7. The recorded buys occurred on June 22, 2007, June 26, 2007, and July 23, 2007, corresponding to Counts I through III of the First Amended Indictment. Transcripts of the controlled buys were prepared but were not introduced into evidence; instead, the tapes themselves were played. ECF No. 33, Trial Tr., Vol. 2 at 99-100. In addition, lab reports identifying the substances purchased by the CI as cocaine were introduced into evidence during the testimony of FBI Agent Kinzig and ATF Agent Bowden. ECF No. 33, Trial Tr., Vol. 2 at 112-14; Vol. 3 at 5. The jurors requested to see the audio/videotape of the controlled buy relating to Count III and the court allowed them to see the same portion that was played during the trial. ECF No. 34,

Trial Tr., Vol. 3 at 121.

On May 15, 2008, the jury returned guilty verdicts on all three counts. ECF No. 19. On August 21, 2008, Petitioner appeared for sentencing and on August 22, 2008, a judgment was entered committing him to the Bureau of Prisons for 360 months on Counts I, II, and III, with all sentences to be served concurrently. ECF No. 24 at 3. Petitioner was also sentenced to a term of supervised release following incarceration for 8 years on each count, also to be served concurrently. ECF No. 24 at 4.

Petitioner appealed his conviction and sentence, arguing that the district court abused its discretion when it denied his motion for appointment of new counsel three months prior to trial. ECF Nos. 30, 45. On December 15, 2010, the Sixth Circuit affirmed the conviction and sentence. ECF Nos. 45 (opinion), 46 (mandate).

Petitioner subsequently filed a motion to set aside, vacate, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 58. In his first ground for relief, Petitioner argues that his trial counsel was ineffective for: (a) failing to require the government to provide testimony of a drug analyst specialist to confirm that the drugs contained cocaine; (b) failing to argue that Petitioner's right to confrontation was violated by introduction of a audio/videotape of Petitioner speaking with a non-testifying witness; and (c) failing to argue that Petitioner's right to confrontation was violated by the failure to produce the confidential informant as a witness. ECF No. 58 at 6, 16-17. In his second ground for relief, Petitioner contends that his appellate counsel was ineffective for: (a) failing to point out that Petitioner was convicted of delivery of cocaine base without any testimony by a drug analyst specialist to confirm the substance was cocaine base; and (b) failing to point out that his Sixth Amendment right of confrontation was violated by introduction of a audio/videotape of

-2-

him speaking with a nontestifying witness. *Id.* at 8, 17-18.

Petitioner's third ground asserts a due process violation based on: (a) the prosecutor's alleged failure to prove that the substance was cocaine base; and (b) the prosecutor's alleged failure to produce a witness at trial to testify that the substance was cocaine base so that Petitioner could challenge the witness through cross-examination. *Id.* at 10, 18. The fourth ground for relief alleges that Petitioner's Sixth Amendment right to confrontation was violated by: (a) the confidential informant not being called to testify; and (b) the drug analyst specialist not being called to testify. *Id.* at 12, 19. Petitioner also requests an evidentiary hearing. *Id.* at 15.

Petitioner's motion was referred to Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Binder issued a report recommending that the Court deny Petitioner's motion on March 19, 2012. ECF No. 70. Judge Binder first noted that Petitioner's claims essentially advanced two issues (1) violation of the hearsay rule and Sixth Amendment Confrontation Clause by introducing an audio/videotape including statements by a non-testifying CI and ineffective assistance of counsel (trial and appellate) for failing to raise the issue; and (2) Sixth Amendment Confrontation Clause violation based on admission of a lab report stating the substance purchased by the CI was cocaine base without requiring the lab analyst to testify and ineffective assistance of counsel (trial and appellate) for failing to raise the issue. Because Petitioner's separate due process claim was based on the same issues, Judge Binder concluded that it was subsumed by the two claims.

Judge Binder recommended denying Petitioner's § 2255 motion because (1) admission of the CI's statements did not violate the Confrontation Clause and counsel was otherwise not ineffective for failing to prevail on his objection to the admission of the statements or for failing to

raise the issue on appeal and (2) admission of the laboratory report identifying the controlled substance as cocaine base did not violate Petitioner's rights under the Confrontation Clause because, at that juncture, lab reports identifying substances purchased had not been deemed testimonial in nature by the Supreme Court and any error in admitting the report was harmless because Petitioner does not challenge the identity of the substance. Judge Binder also concluded that Petitioner was not entitled to an evidentiary hearing.

Petitioner filed objections to Judge Binder's report and recommendation on April 9, 2012. ECF No. 72. The district court will make a "de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 149-52 (1985). Because there was no error in Judge Binder's analysis, his report and recommendation will be adopted, Petitioner's objections will be overruled, and his motion to vacate, set aside, or correct his sentence will be denied. Petitioner's motion for documents and transcripts will also be denied.

I

Petitioner has made nine objections to the magistrate judge's report and recommendation. Each will be discussed separately below.

A

Petitioner's first objection is that he disagrees with Judge Binder's report and recommendation in its entirely because the conclusions are not based on arguments provided by the government. An objection that does nothing more than state a disagreement with a magistrate's suggested resolution is not an "objection" as that term is used in the context of Federal Rule of Civil Procedure 72. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Petitioner's first

objection will be overruled.

**B**

Petitioner's second objection is to Judge Binder's conclusion that his due process claim is subsumed by his two discernible claims outlined previously. Petitioner emphasizes that he wishes to have his due process claim considered separately. Although Petitioner's desire is to have this claim addressed separately, Judge Binder's conclusion was sound. Because Petitioner's due process claim is based on the same issues presented in Petitioner's two identifiable grounds for relief, the due process claim is subsumed by these two claims and the issues Petitioner presented have been adequately addressed. Petitioner's objection will be overruled.

**C**

Petitioner's third objection is to Judge Binder's standard of review pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984) for claims of ineffective assistance of counsel. Petitioner contends that his claims should have instead been analyzed pursuant to *United States v. Cronic*, 466 U.S. 648, 659 (1984), which provides that prejudice is presumed in instances where counsel is actually or constructively denied, or where counsel entirely fails to subject the prosecution's case to meaningful adversarial testing. With regard to the latter instance, Courts have found error without any actual showing of prejudice when counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding. *See, e.g.*, *Geders v. United States*, 425 U.S. 80 (1976); *Herring v. New York*, 422 U.S. 853 (1975); *Brooks v. Tennessee*, 406 U.S. 605, 612-13 (1972). The record of the case, however, does not reflect that Petitioner's counsel was absent or otherwise prevented from assisting him during critical stages of his trial such that he entirely failed to subject the prosecution's case to meaningful adversarial testing. Thus, Judge Binder appropriately

reviewed Petitioner's claims of ineffective assistance of counsel pursuant to *Strickland*, which requires Petitioner to show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. 466 U.S. at 688. Petitioner's objection will be overruled.

**D**

Petitioner's fourth objection first contends that Judge Binder did not "find facts specially and state [his] conclusions of law separately" as required by Federal Rule of Civil Procedure 52(a). Petitioner does not explain the basis for this objection, other than noting that Judge Binder cited to case law to support his legal conclusions without providing sufficient explanation for how the principles of the cases applied to the facts of the case. A review of the report and recommendation reflects that Judge Binder went into more than adequate detail in explaining the applicable case law before applying the principles of those cases to the facts of the case. The specific instance Petitioner refers to is Judge Binder's conclusion that Petitioner's motion to vacate sentence should be denied because the fact that Petitioner could not cross-examine the CI was of no consequence. Judge Binder, however, provided over three pages of applicable legal principles and discussed the relevant facts of the case before reaching this conclusion. Petitioner's objection on this ground is without merit.

Petitioner also contends that Judge Binder's conclusions that the CI's statements on the recordings of the controlled buys were not made for the truth of the matter asserted has no basis in fact. Petitioner argues that the statements were used to demonstrate that Petitioner was dealing drugs, and thus were made for the truth of the matter asserted. For these statements to be admitted for the truth of the matter asserted, the government would have had to seek admission of the CI's statements to demonstrate that the CI wanted to purchase a controlled substance. The government's

intent was instead to put Petitioner's statements into context. In other words, Petitioner's statements, standing alone, would have only provided a one-sided conversation and the CI's statements were offered to assist the jury in making sense of Petitioner's responses. Judge Binder correctly concluded that Petitioner's inability to cross examine the CI did not violate the Confrontation Clause because the CI's statements were not made for the truth of the matter asserted. Petitioner's objection will be overruled.

**E**

Petitioner next objects to Judge Binder's conclusion that even if any error had been established by admission of the CI's statements, trial counsel objected and, thus, could not have been ineffective simply because he did not obtain the result sought. *See Hodge v. Haeberlin*, 579 F.3d 627, 644 (6th Cir. 2009) ("Counsel does not fall below this [Strickland] standard by failing to prevail when arguing a debatable point to the court."). Petitioner believes that counsel should have instead objected to admission of the entire recording and, if he had done so, Petitioner assumes counsel would have been successful in excluding both Petitioner's statements and the CI's statements. However, as Judge Binder correctly notes, Petitioner's statements were admissible pursuant to Federal Rule of Evidence 801(d)(2)(A) because they were party admissions. Counsel was thus not ineffective for failing to make an objection that lacked merit or for failing to subsequently appeal the issue. Petitioner's objection will be overruled.

**F**

Petitioner's sixth, seventh, and eighth objections largely restates his disagreement with Judge Binder's report and recommendation because it is not based on arguments advanced by the government. As previously noted, an objection that does nothing more than state a disagreement

with a magistrate's suggested resolution is not an "objection" as that term is used in the context of Federal Rule of Civil Procedure 72. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Petitioner's specific objections will be addressed.

Petitioner objects to Judge Binder's conclusion that the admission of the lab report was harmless error and that its admission did not violate the Confrontation Clause because Petitioner's trial occurred well before the Supreme Court in *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009) concluded that forensic evidence reports were testimonial in nature and required the affiant to be subject to a defendant's right of confrontation under the Sixth Amendment. Petitioner contends that the requirements for expert testimony in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 (1993) in conjunction with *Crawford v. Washington*, 541 U.S. 36, 58 (2004) provide a basis for his claim that his Confrontation Clause rights were violated. *Daubert* provides that the trial judge has a "gatekeeping" role with respect to expert testimony, not only for testimony based on scientific knowledge, but also for testimony based on technical and other specialized knowledge. *Id.* at 592. However, as Judge Binder noted, counsel cannot be deemed ineffective for failing to object to the admission of the lab report as a violation of *Crawford* prior to the holding in *Melendez-Diaz* concluding that such reports were testimonial and thus required cross-examination of the affiant. Likewise, counsel cannot be deemed ineffective for failing to object to admission of the lab report pursuant to *Daubert* because, at that juncture, the Supreme Court had not determined the lab report to be testimonial in nature.

Petitioner again notes that the government did not prove that the alleged substance was cocaine base as charged in the indictment, but still does not allege that the substance distributed was not cocaine base. Because Petitioner has not challenged the identity of the substance distributed,

Judge Binder concluded that admission of the reports was harmless error. Petitioner's objection on this issue consists of arguments previously presented and is not sufficient "to alert the Court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Petitioner's objections will thus be overruled.

### G

Petitioner's final objection is that he disagrees with Judge Binder's conclusion that Petitioner is not entitled to an evidentiary hearing. Petitioner believes he has sufficiently demonstrated that his claims have merit and that an evidentiary hearing is necessary. Because this objections is disagreement with a magistrate's suggested resolution, it is not an "objection" as that term is used in the context of Federal Rule of Civil Procedure 72. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Moreover, as discussed herein, Judge Binder's conclusions regarding Petitioner's § 2255 motion are sound, and the records and files of the case demonstrate that Petitioner is not entitled to the relief he seeks. Petitioner's final objection will be overruled.

### II

Accordingly, it is **ORDERED** that Petitioner's objections (ECF No. 72) are **OVERRULED**.

It is further **ORDERED** that Judge Binder's report and recommendation (ECF No. 70) is **ADOPTED**.

It is further **ORDERED** that Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 42 U.S.C. § 2255 (ECF No. 58) is **DENIED**.

                                                s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge

Dated: May 7, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means and on Marcus Conway, #41869039, U.S.P. Lee County, P.O. Box 305, Jonesville, VA 24263 by first class U.S. mail on May 7, 2012.

                                        s/Tracy A. Jacobs
                                        TRACY A. JACOBS