UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARCUS COURTNEY CONWAY,

    Petitioner,                        Criminal Number 07-20525
                                       Civil Number 11-14539
v.                                           Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER DENYING APPLICATION FOR CERTIFICATE OF APPEALABILITY**

On March 19, 2012 Magistrate Judge Charles issued a Report and Recommendation, recommending that Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence be denied. ECF No. 70. Judge Binder first noted that Petitioner's claims essentially advanced two issues (1) violation of the hearsay rule and Sixth Amendment Confrontation Clause by introducing an audio/videotape including statements by a non-testifying confidential informant and ineffective assistance of counsel (trial and appellate) for failing to raise the issue; and (2) Sixth Amendment Confrontation Clause violation based on admission of a lab report stating the substance purchased by the CI was cocaine base without requiring the lab analyst to testify and ineffective assistance of counsel (trial and appellate) for failing to raise the issue. Because Petitioner's separate due process claim was based on the same issues, Judge Binder concluded that it was subsumed by the two claims.

Judge Binder recommended denying Petitioner's § 2255 motion because (1) admission of the CI's statements did not violate the Confrontation Clause and counsel was otherwise not ineffective for failing to prevail on his objection to the admission of the statements or for failing to raise the issue on appeal and (2) admission of the laboratory report identifying the controlled

substance as cocaine base did not violate Petitioner's rights under the Confrontation Clause because, at that juncture, lab reports identifying substances purchased had not been deemed testimonial in nature by the Supreme Court and any error in admitting the report was harmless because Petitioner does not challenge the identity of the substance. Judge Binder also concluded that Petitioner was not entitled to an evidentiary hearing. The Court overruled Petitioner's objections and adopted Judge Binder's report and recommendation. ECF No. 74.

Now before the Court is Petitioner's application for a certificate of appealability. ECF No. 78. Before the petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. A certificate of appealability is not

warranted in this case.

Accordingly, it is **ORDERED** that Petitioner's request for certificate of appealability (ECF No. 78) is **DENIED**.

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: July 9, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means and on Marcus Conway, #41869039, U.S.P. Lee County, P.O. Box 305, Jonesville, VA 24263 by first class U.S. mail on July 9, 2012.

s/Tracy A. Jacobs<br>
TRACY A. JACOBS