UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,               Case No. 07-20525
                                         Honorable Thomas L. Ludington

v.

MARCUS COURTNEY CONWAY,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTIONS FOR REDUCTION OF SENTENCE**

Marcus Conway is currently serving a 275-month sentence for distributing crack cocaine. On December 15, 2011, Conway filed a motion to reduce his sentence, pursuant to 18 U.S.C. 3582(c)(2), based on the retroactive application of crack cocaine sentencing guidelines. Based on what follows, Conway's motion will be denied.

**I**

The Anti-Drug Abuse Act of 1986 established severe penalties for the possession and distribution of crack cocaine. The disparity between the penalties for distributing crack cocaine and powder cocaine was dramatic: 100-to-1. As the Supreme Court observed, the Act "imposed upon an offender who dealt in powder cocaine the same sentence it imposed upon an offender who dealt in one-hundredth that amount of crack cocaine." *Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012).

In 2010, Congress enacted the Fair Sentencing Act (FSA), Pub. L. No. 111–220, 124 Stat. 2372, which narrowed the disparity between sentences for crack cocaine offenders and powder cocaine offenders. Instead of 100-to-1, it now stands at 18-to-1. In other words, the FSA imposes upon an offender who dealt in powder cocaine the same sentence it imposes upon

an offender who dealt in one-eighteenth that amount of crack cocaine. The FSA took effect on August 3, 2010.

Among other things, the FSA reduced the statutory minimum sentences for crack cocaine offenses by increasing the quantity of crack cocaine necessary to trigger the minimums—raising the amount from 5 grams to 28 grams for the 5-year minimum sentence, and from 50 grams to 280 grams for the 10-year minimum sentence. *See* FSA § (2)(a). The FSA also directed the Sentencing Commission to conform the sentencing guidelines to the new statutory minimums "as soon as practicable, and in any event not later than 90 days" after the FSA's enactment. *Id*. § (8)(1). The Sentencing Commission then promulgated amendments to the guidelines, reducing the recommended sentencing ranges to levels consistent with the FSA, to be applied retroactively. *See* U.S. Sentencing Guidelines Manual App. C Amends. 750, 759 (2011).

The Sixth Circuit originally concluded that the FSA's new mandatory minimums did not affect the penalties associated with crimes committed before the statute's effective date. *See United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010). But with *Dorsey*, the Supreme Court established that "Congress intended the [FSA's] new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." 132 S. Ct. at 2335. Accordingly, the FSA's amended mandatory minimums only affect defendants sentenced after August 3, 2010.

But the new advisory guidelines, promulgated by the Sentencing Commission pursuant to the FSA, are different. As the Sentencing Commission established in Amendment 759, the altered guidelines "may be considered for retroactive application." U.S. Sentencing Guidelines Manual App. C Amend. 759 (2011). Accordingly, the new guidelines may apply to alter a sentence imposed before August 3, 2010.

Title 18 U.S.C. § 3582 provides the mechanism for defendants, the government, and even the Court to move for reduced sentences based on the newly-promulgated guidelines. Indeed, § 3582(c)(2) establishes that a court may modify a term of imprisonment that has been imposed "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." Thus, upon a motion by either party, or even sua sponte, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

Accordingly, "when the sentencing judge relied on the sentencing guidelines and those guidelines are later made more lenient," a final sentence may be modified. *United States v. Hameed*, 614 F.3d 259, 262 (6th Cir. 2010). In such a situation, courts are to engage in a two-part inquiry to determine eligibility for a reduction: (1) whether the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission"; and (2) whether a reduction in the defendant's sentence would be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2); *see also United States v. McClain*, 691 F.3d 774, 778–79 (6th Cir. 2012).

**II**

On May 15, 2008, a federal jury found Conway guilty of three counts of "knowingly and intentionally distributing five grams or more of a substance containing cocaine base, commonly known as crack cocaine." Verdict Form 1–2, ECF No. 19. A presentence report noted that Conway had two previous felony-drug convictions—making him a career offender under U.S. Sentencing Guidelines Manual § 4B1.1—and thus Conway's offense level was

enhanced from 26 to 37. When combined with Conway's criminal history, calculated as category VI, Conway's resulting guidelines range of imprisonment was 360 months to life. On August 21, 2008, the Court sentenced Conway on each of his three convictions to a term of 360 months' imprisonment, with the three terms to run concurrently.[1] *See* J. 3, ECF No. 24.

As noted above, in 2010 Congress enacted the FSA, which substantially reduced the mandatory minimums associated with crack cocaine offenders like Conway. Subsequently, the Sentencing Commission amended the sentencing guidelines applicable to crack cocaine offenders. On January 28, 2011, Conway filed a motion for retroactive application of the crack cocaine sentencing guidelines pursuant to § 3582(c)(2). But because under *Carradine* (applicable at the time) the FSA did "not apply to [any] offenses committed prior to its becoming law on August 3, 2010[,]" this Court denied Conway's motion. Feb. 14, 2014 Order 2, ECF No. 49.

Conway filed a second motion for a reduction of his sentence on December 15, 2011. He indicates that the FSA was intended to apply retroactively for those "who are eligible" and requests that the Court "review [his] case to see if [he is] eligible for relief . . . ." Def.'s Mot. 1, ECF No. 65. That the Supreme Court had not decided *Dorsey* in December 2011 is of no effect because, as a general rule, a court must "apply the law in effect at the time it renders its decision." *BellSouth Telecomms., Inc. v. Southeast Tel., Inc.*, 462 F.3d 650, 657 (6th Cir. 2006) (quoting *Landgraf v. USI Film Prods.*, 511 U.S. 244, 264 (1994)).

And because Conway was not subjected to any mandatory minimums when he was originally sentenced, it was his guidelines range that drives this sentence; a guidelines range that has since been lowered by the Sentencing Commission. While Conway had a base offense level of 26 under the old guidelines, the new guidelines assign a base offense level of 22 for

---

[1] Conway's sentence was later lowered to 275 months for reasons unrelated to the FSA.

defendants who distribute 21.3 grams of cocaine base. *See* U.S. Sentencing Guidelines Manual § 2D1.1(c)(9).

Importantly, however, Conway is properly classified as a career offender under U.S. Sentencing Guidelines Manual § 4B1.1(a). At the time Conway was originally sentenced, an individual with a "prior conviction for a felony drug offense" who was convicted of distributing 5 grams or more of cocaine base was subject to a term of imprisonment not "less than 10 years and not more than life imprisonment." *See* 21 U.S.C. § 841(b)(1)(B) (2008). And because his offense carried a possible life sentence, Conway's offense level was increased from 26 to 37. *See* U.S. Sentencing Guidelines Manual § 4B1.1(b).

But like the new mandatory minimums imposed by the FSA, the amendments to § 841 imposed by the FSA do not apply retroactively; thus, because Conway was sentenced in 2008, the amendments to § 841 do not apply to him. Although Conway's sentence was modified after the FSA was enacted, "the FSA is not retroactive to defendants . . . whose sentences were modified after the effective date of the FSA but who were originally sentenced before its effective date." *United States v. Hammond*, 712 F.3d 333, 336 (6th Cir. 2013) (collecting cases). Accordingly, under the old guidelines or the new, the 2008 version of § 841 applies to Conway, which carried a term of up to life in prison (based on his previous convictions). So, under the old guidelines or the new, Conway would still maintain a base offense level of 37. *See* U.S. Sentencing Guidelines Manual § 4B1.1(b). When combined with his criminal history, category VI, Conway's guidelines range remains 360 months to life. So although his sentence was based on a guidelines range that has been altered, Conway's sentence would not change even if that new guidelines range was applied. *See United States v. Tillman*, 511 F. App'x 519, 521 (6th Cir. 2013) ("A defendant whose sentence is based upon the career offender sentencing guideline

cannot benefit from Amendment 750 because that amendment did not lower the career offender sentencing guidelines range.").

### III

Accordingly, it is **ORDERED** that Conway's motion for retroactive application of the FSA, ECF No. 65, is **DENIED**.

Dated: April 3, 2014            s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and upon Marcus Conway #41869039, Lee U.S. Penitentiary, P.O. Box 305, Jonesville, VA 24263 by first class U.S. mail on April 3, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS