UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                    Case No. 07-CR-20525
                                                    Honorable Thomas L. Ludington

MARCUS COURTNEY CONWAY,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR HOME CONFINEMENT AND FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE**

On May 15, 2008, a federal jury convicted Defendant Marcus Courtney Conway of three counts of distributing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). ECF No. 19. Defendant was sentenced to concurrent prison terms of 360 months. ECF No. 24. On July 21, 2020, Defendant sent a letter asking for consideration for home confinement in light of the COVID-19 pandemic, as well as for the appointment of an attorney to assist him in filing a formal motion. ECF No. 107. Defendant's letter will be construed as a motion for compassionate release or home confinement and for the appointment of counsel. For the reasons stated below, Defendant's motion for compassionate release or home confinement and appointment of counsel will be denied without prejudice.

**I.**

The United States is facing an unprecedented challenge with the coronavirus pandemic. The Governor of Michigan explained that:

> The novel coronavirus (COVID-19) is a respiratory disease that can result in serious illness or death. It is caused by a new strain of coronavirus not previously identified in humans and easily spread from person to person. Older adults and those with chronic health conditions are at particular risk, and there is an increased risk of

rapid spread of COVID-19 among persons in close proximity to one another. There is currently no approved vaccine or antiviral treatment for this disease.

Emergency Order 2020-21. The Center for Disease Control and Prevention ("CDC") represents that jails and prisons pose "unique challenges for control of [COVID-19] transmission among incarcerated/detained persons, staff, and visitors." *See Guidance for Correctional and Detention Facilities*, Ctr. for Disease Control, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html (last visited Sept. 21, 2020).[1] It further explains that "many opportunities exist for [COVID-19] to be introduced into a correctional or detention facility, including daily staff movements; transfer of incarcerated/detained persons between facilities and systems, to court appearances, and to outside medical visits; and visits from family, legal representatives, and other community members." *Id.*

## II.

Defendant seems to seek a transfer to home confinement or reduction of his sentence pursuant to 18 U.S.C. §3582(c)(1)(A) (commonly referred to as "compassionate release"). The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except…upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment… if it finds that…extraordinary and compelling reasons warrant such a reduction…

18 U.S.C. §3582(c)(1)(A)(i). As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust his

---

[1] Ltr. from Sen. Richard J. Durbin et al. to Att'y Gen. William P. Barr et al., at 1(Mar. 23, 2020), available at https://www.durbin.senate.gov/imo/media/doc/Letter.%20to%20DOJ%20and%20BOP%20on%20COVID-19%20and%20FSA%20provisions%20-%20final%20bipartisan%20text%20with%20signature%20blocks.pdf ("Conditions of confinement do not afford individuals the opportunity to take proactive steps to protect themselves, and prisons often create the ideal environment for the transmission of contagious disease.").

administrative remedies with the Bureau of Prisons (the "BOP") or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020). Defendant's letter does not indicate whether he has exhausted his administrative remedies with the BOP. Before the Court can consider the merits of Defendant's request for compassionate release, Defendant must file some documentary evidence that he has asked the BOP for compassionate release and either the BOP denied his request or 30 days has passed since the request. Furthermore, "[d]esignation of an inmate's place of confinement, including placement in home confinement [under section 12003(b)(2) of the CARES Act], rests within the absolute discretion of the BOP." *United States v. Buford*, No. 05-80955, 2020 WL 4040705, at *6 (E.D. Mich. July 17, 2020) (internal quotation marks omitted). As a result, "the district court has no authority to grant relief under section 12003(b)(2)." *Id.* Thus, if Defendant merely seeks a transfer to home confinement, the BOP is his sole avenue for relief.

### III.

Defendant also requests the appointment of counsel to represent him on his motion for compassionate release. ECF No. 107. The Sixth Amendment secures to a defendant who faces incarceration the right to counsel at all "critical stages" of the criminal process. *United States v. Wade*, 388 U.S. 218, 224 (1967). The Supreme Court has held that prisoners' post-conviction right to counsel extends only to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The decision to appoint counsel is within the discretion of the court, and the

appointment of counsel is only required where the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). Appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, could not obtain a lawyer on her own, and would have a reasonable chance of winning without the assistance of counsel. *See Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002).

Defendant's request for the appointment of counsel will be denied. Defendant has no right to the appointment of counsel, and a motion for compassionate release does not entail complex issues of law or fact that would prevent Defendant from prevailing without the assistance of counsel. Indeed, the requirements for compassionate release are set forth plainly in 18 U.S.C. § 3582(c)(1)(A).

**IV.**

Accordingly, it is **ORDERED** that Defendant's Motion for Home Confinement and for the Appointment of Counsel, ECF No. 107, is **DENIED WITHOUT PREJUDICE**.

Dated: September 23, 2020         s/Thomas L. Ludington
                                  THOMAS L. LUDINGTON
                                  United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Marcus Courtney Conway** #41869-039, LEXINGTON FEDERAL MEDICAL CENTER, Inmate Mail/Parcels, P.O. BOX 14500, LEXINGTON, KY 40512 by first class U.S. mail on September 23, 2020.

s/Kelly Winslow
KELLY WINSLOW, Case Manager